UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI BYRNES and MATTHEW
BYRNES,

    Plaintiffs,

v.                                         Case No: 8:14-cv-1726-T-36MAP

JOHN SMALL, MUSCULOSKELETAL
INSTITUTE CHARTERED,
MEDTRONIC, INC. and MEDTRONIC
SOFAMOR DANEK USA, INC.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon the Plaintiff Lori Byrnes' Motion to Remand (Doc. 21). Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. (collectively, "Medtronic") responded in opposition to the motion (Doc. 34). The Court, having considered the motion and being fully advised in the premises, will now DENY Byrnes' Motion to Remand.

**I.    BACKGROUND**

Byrnes filed a state court action in June 2014 alleging that she suffered and continues to suffer bodily injury and economic losses as a consequence of a spinal surgery in October 2006, during which a bone graft device, Infuse®, was implanted in her in an off-label manner. In her Complaint, she asserts six causes of action against Medtronic, the alleged designer, manufacturer and marketer of Infuse®; one cause of action against Dr. John Small, the doctor who allegedly performed the surgery; and one cause of action against the Musculoskeletal Institute Chartered, d/b/a Florida Orthopaedic Institute ("MIC"), the organization at which Dr. Small was allegedly employed. Doc. 2 at 88-110. Byrnes' husband also asserts one cause of action for loss of

consortium against all defendants. Doc. 2 at 111. Medtronic subsequently removed the case to this Court on the basis of diversity jurisdiction, alleging that, although Dr. Small and MIC are not diverse from Plaintiffs, they were fraudulently joined because the claims against them are time-barred, so their citizenship must be disregarded for the purposes of the diversity analysis. Doc. 1 at 5-9. Byrnes now brings the instant motion to remand, arguing that Medtronic has not satisfied its burden of proving fraudulent joinder. Doc. 21.

## II.     DISCUSSION

### A.     Fraudulent Joinder

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). The removing party must make this showing by "clear and convincing evidence." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted). Importantly, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (quotation marks and citation omitted).

"The proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (quotation marks and citation omitted). Accordingly, the district court evaluates the factual allegations in the light most favorable to the plaintiff and resolves any uncertainties about state substantive law in favor of the plaintiff. *See Crowe*, 113

F.3d at 1538 (citation omitted). As with the summary judgment standard, however, the court will not resolve facts in the plaintiff's favor based solely on the unsupported allegations in the plaintiff's complaint if the defendant presents undisputed evidence to the contrary. *See Legg*, 428 F.3d at 1323. Indeed, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Id.*

*1.     Statute of Limitations*

Byrnes argues that Medtronic has not sufficiently demonstrated that Dr. Small and MIC were fraudulently joined because her claims against them are not time-barred by the statute of limitations, Fla. Stat. § 95.11. That section provides that, absent fraud, concealment, or intentional misrepresentation of fact:

> An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued . . . .

Fla. Stat. § 95.11(4)(b). In asserting that she has viable claims against Dr. Small and MIC, Byrnes apparently relies on Paragraph 374 of her Complaint, which states, in a conclusory manner, that:

> [T]his action is properly brought within two (2) years of when the alleged negligent incident occurred or within two (2) years from the date the alleged negligent incident could have been discovered with the exercise of due diligence and not later than four (4) years from the date of FLORIDA ORTHOPAEDIC INSTITUTE's last treatment/examination of Plaintiff LORI BYRNES in the calendar year 2012.

Doc. 2 ¶ 374. The undisputed facts, however, show that this allegation is misleading at best and simply untrue at worst. To begin with, the only negligent incidents alleged in the Complaint against Dr. Small are:

    a) Defendant, JOHN SMALL, M.D. negligently utilized the BMP product on a patient who was not a proper candidate for such product;

    b) Defendant, JOHN SMALL, M.D. negligently utilized the BMP product in an off-label manner . . . .

    c) Defendant, JOHN SMALL, M.D. negligently failed to use the surgical components as a system in direct disregard for the approved labeling for the product . . . .

Doc. 2 ¶ 366. These are the same negligent incidents alleged against MIC. *See* Doc. 2 ¶ 376.

Byrnes contends that the surgery during which Infuse® was used on her in an allegedly off-label and negligent way occurred in October 2006. Doc. 2 ¶ 248. This action, which was brought in June 2014, therefore does not, as Byrnes asserts, fall within two years of the date of the incident or occurrence out of which the cause of action accrued. This action also clearly was not brought within the maximum four-year limit from the date of the incident or occurrence. Finally, although it may be true that this action was not brought more than four years from the date that Dr. Small last treated and/or examined Byrnes, that is irrelevant here, where no cause of action was brought on the basis that those treatments and/or examinations constituted negligent acts for which Byrnes is entitled to recover.[1]

Byrnes also appears to suggest that there was fraud and concealment in preventing her from discovering her injuries, thus entitling her to the extended statute of repose time period provided by Florida Statutes § 95.11:

> In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact

---

[1] Further, any alleged continuing injury or damages stemming from the surgery would not reset the statute of repose period. As the Florida state courts have unequivocally held, "in a medical malpractice case, it is the *discrete incident of malpractice* that triggers the running of the statute of repose. . . . when a defendant's damage-causing *act* is completed, the existence of continuing damages to the plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort." *Woodward v. Olson*, 107 So. 3d 540, 543-44 (Fla. 2nd DCA 2013) (quotation marks and citations omitted; emphasis in original).

> prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred . . . .

Fla. Stat. § 95.11(4)(b). Byrnes claims that she served Dr. Small with a medical malpractice Notice of Intent within the seven-year limitations period and timely filed her Complaint within the tolling period provided under Florida Statutes § 766.106(4).

This argument fails for at least two reasons. First, the evidence demonstrates that, contrary to Byrnes' allegations in her pleadings and brief, the Notice of Intent letter was served in *December*, not October, of 2013. Indeed, the copy of the letter before the Court is clearly dated December 23, 2013, and Byrnes has admitted that this was the only Notice of Intent served on Dr. Small. *See* Docs. 19-1, 19-2. Because Byrnes has failed to set forth any evidence, aside from her unsupported allegations, that the date on the letter is somehow incorrect or otherwise does not reflect the date that it was served, the Court finds that there is no dispute that the letter was served in December 2013. Accordingly, because December 2013 is more than seven years after October 2006, the claims against Dr. Small and MIC are time-barred even if there were fraud or concealment. *See* Fla. Stat. § 766.106(4) ("The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11.").

Second, even if Byrnes had in fact served the Notice of Intent on October 14, 2013, unless there was a stipulation by the parties, the limitations period was tolled for a maximum of 90 days, after which she had 60 days to file suit. *See* Fla. Stat. § 766.106(4). There being no evidence of any stipulation extending the tolling period, the limitations period to file suit thus expired at the very latest in March 2014. As this action was brought in June 2014, the claims against Dr. Small

and MIC are therefore time-barred even if the Notice of Intent letter had been served in October 2013 as alleged by Byrnes.[2]

### 2. *Common Defenses Rule*

Byrnes also suggests that, in the alternative, the Court should remand this action because the basis for finding the fraudulent joinder of Dr. Small and MIC applies equally to all defendants, including those that are diverse. According to Byrnes, the "common defenses" rule therefore applies here, where "there is no improper joinder; there is only a lawsuit lacking in merit." *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

The Court finds Byrnes' argument unpersuasive. To begin with, the "common defenses" rule is not binding law in the Eleventh Circuit, which has expressly avoided relying on it, indicating a reluctance to adopt it. *See Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1282 n.4 (11th Cir. 2006) (noting that the "common defenses" rule "draws on a century-old Supreme Court case . . . that was resurrected by the Third and Fifth Circuits in the past decades") (citations omitted). But even if such a rule did exist, it would not apply here, where the causes of action and corresponding defenses are different as to the diverse and non-diverse defendants. Indeed, unlike the medical malpractice causes of action asserted against Dr. Small and MIC, the causes of action asserted against Medtronic are for fraud and various theories of product liability. *See* Doc. 2 at

---

[2]There is no merit to Byrnes' suggestion that Dr. Small issued a statutory denial of the claim on March 25, 2013. The very copy of the denial letter that Byrnes attaches in support of her motion is clearly dated March 25, *2014* and references other correspondence sent in the year 2014. Doc. 21-3. The Court will therefore take this opportunity to remind Byrnes' attorney that, as an officer of the court, he has a duty to adhere to the standards of professional and ethical conduct. *See* ABA Model Rules of Professional Conduct, Rule 3.3 ("A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."). The Court will not tolerate any further misrepresentations such as this one, which evinces, at best, a reckless disregard of the duty of candor to the Court.

88-103.  The statute of repose defense that supports this Court's finding of fraudulent joinder for Dr. Small and MIC therefore would not be dispositive of, or even applicable to, the causes of action against Medtronic.  *Compare* Fla. Stat. § 95.11(4) *with* Fla. Stat. § 95.031(2)(a) & (b); *see Smallwood*, 385 F.3d at 575 (holding that the "common defenses" rule applies only "[w]hen the only proffered justification for improper joinder . . . is *equally dispositive of all defendants* rather than to the in-state defendants alone") (emphasis added).  Byrnes is therefore not entitled to a remand on the grounds of the "common defenses" rule.

### B.   Costs and Fees

Byrnes seeks costs and fees pursuant to 28 U.S.C. § 1447(c), which permits a court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Having found that Byrnes' motion to remand is without merit, the Court will accordingly decline to award Byrnes any costs and fees.

### III.   CONCLUSION

Dr. Small and MIC were fraudulently joined because the claims against them are time-barred.  Further, even if the "common defenses" rule were to exist, it would not apply here because the causes of action and corresponding defenses differ as to the diverse and non-diverse defendants.  Accordingly, because all of the properly joined defendants are diverse from plaintiffs, it is hereby **ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 21) is **DENIED**.

2. Plaintiff's request for fees and costs, embedded in her Motion to Remand, is also **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 18, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any