UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORI BYRNES and MATTHEW
BYRNES,

    Plaintiffs,

v.                                                                               Case No: 8:14-cv-1726-T-36MAP

JOHN SMALL, M.D.,
MUSCULOSKELETAL INSTITUTE
CHARTERED, d/b/a FLORIDA
ORTHOPAEDIC INSTITUTE,
MEDTRONIC, INC. and MEDTRONIC
SOFAMOR DANEK USA, INC.,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon Defendants John Small, M.D. ("Dr. Small") and Musculoskeletal Institute Chartered, d/b/a Florida Orthopaedic Institute's ("MIC") (collectively, "Medical Defendants") Motion for Summary Judgment (Doc. 4). The Medical Defendants submitted a memorandum of law in support of their motion (Doc. 19). Plaintiff Lori Byrnes ("Byrnes") responded in opposition to the motion (Doc. 20), and the Medical Defendants filed a reply in further support of their motion (Doc. 31). The Medical Defendants also filed an Objections and Motion to Strike Documents Filed by Plaintiff in Opposition to Defendants' Motion for Summary Judgment (Doc. 28). The Medical Defendants note that Plaintiffs object to the motion to strike, Doc. 28 at 6, but Plaintiffs have failed to respond in opposition to the Medical Defendants' motion and the time to do so has expired. The Court, having considered the motions and being fully advised in the premises, will now GRANT the Medical Defendants' Motion for Summary Judgment and DENY as moot the Medical Defendants' Motion to Strike.

I.   **STATEMENT OF FACTS**[1]

Byrnes filed this action in June 2014, alleging that she suffered and continues to suffer bodily injury and economic losses as a consequence of a spinal surgery that occurred in October 2006, during which a bone graft device, Infuse®, was implanted in her in an off-label manner. In the Complaint, Byrnes asserts, *inter alia*, one cause of action for medical malpractice against Dr. Small, the doctor who performed the surgery, and one cause of action for medical malpractice against MIC, the organization at which Dr. Small was employed. Doc. 2 at 106-110. Byrnes' husband, Matthew Byrnes, also asserts against all defendants one cause of action for loss of consortium. Doc. 2 at 111. The Medical Defendants now bring the instant motion, arguing that they are entitled to judgment as a matter of law because Byrnes' claims against them are time-barred by the Florida statute of repose.

II.   **STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the admitted allegations in the pleadings and the request for admissions and answers thereto.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 Fed. App'x 852, 858 (11th Cir. 2006).

### III.   DISCUSSION

#### A.   Motion for Summary Judgment

The Medical Defendants argue that they are entitled to summary judgment as to the Byrnes' claims against them because the claims are time-barred by the Florida statute of limitations. The statute of limitations, Fla. Stat. § 95.11, provides that, absent fraud, concealment, or intentional misrepresentation of fact:

> An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued . . . .

Fla. Stat. § 95.11(4)(b). In asserting that she has viable claims against Small and MIC, Byrnes apparently relies on Paragraph 374 of her Complaint that:

> [T]his action is properly brought within two (2) years of when the alleged negligent incident occurred or within two (2) years from the date the alleged negligent incident could have been discovered with the exercise of due diligence and not later than four (4) years from the date of FLORIDA ORTHOPAEDIC INSTITUTE's last

3

        treatment/examination of Plaintiff LORI BYRNES in the calendar year 2012.

Doc. 2 ¶ 374. The undisputed facts, however, reveal that this allegation is misleading at best and simply untrue at worst. To begin with, the only negligent incidents alleged in the Complaint against Dr. Small are:

    a) Defendant, JOHN SMALL, M.D. negligently utilized the BMP product on a patient who was not a proper candidate for such product;

    b) Defendant, JOHN SMALL, M.D. negligently utilized the BMP product in an off-label manner . . . .

    c) Defendant, JOHN SMALL, M.D. negligently failed to use the surgical components as a system in direct disregard for the approved labeling for the product . . . .

Doc. 2 ¶ 366. These are the same negligent incidents alleged against MIC. *See* Doc. 2 ¶ 376.

It is undisputed that the surgery during which Infuse® was used on Byrnes in an allegedly off-label and negligent way occurred in October 2006. Doc. 2 ¶ 248. This action, which was brought in June 2014, therefore does not, as Byrnes asserts, fall within two years of the date of the incident or occurrence out of which the cause of action accrued. This action also clearly was not brought within the four year repose period that began running from the date of the incident or occurrence. And even if this action was brought within four years from the date that Dr. Small last treated and/or examined Byrnes, that is irrelevant here, where there are no allegations that those treatments and/or examinations constituted negligent acts for which Byrnes is entitled to recover.[2] The bare allegation that the claims were timely brought are insufficient to defeat summary judgment.

---

[2] Further, any alleged continuing injury or damages stemming from the surgery would not reset the limitations period. As the Florida state courts have unequivocally held, "in a medical malpractice case, it is the *discrete incident of malpractice* that triggers the running of the statute of repose. . . . when a defendant's damage-causing *act* is completed, the existence of continuing

4

Byrnes also appears to suggest that fraud and concealment prevented her from discovering her injuries, thus entitling her to the extended seven year repose period provided by Fla. Stat. § 95.11(4)(b). Byrnes claims that she served Dr. Small with a medical malpractice Notice of Intent within the seven year repose period and timely filed her Complaint within the tolling period provided by Fla. Stat. § 766.106(4).

This argument fails for at least two reasons. First, the undisputed evidence reveals that, contrary to Byrnes' allegations in her pleadings and brief, the Notice of Intent letter was served in *December*, not October, of 2013. Indeed, the copy of the letter before the Court is clearly dated December 23, 2013, and Byrnes has admitted that this was the only Notice of Intent served on Small. *See* Docs. 19-1, 19-2. Because Byrnes has failed to set forth any evidence, aside from her unsupported allegations, that the date on the letter is somehow incorrect or otherwise does not reflect the date that it was served, the Court finds that there is no dispute that the letter was served in December 2013. Accordingly, because December 2013 is more than seven years after October 2006, the claims against Dr. Small and MIC are time-barred by the statute of repose even if there were fraud or concealment. *See* Fla. Stat. § 766.106(4) ("The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11.").

Second, even if Byrnes had in fact served the Notice of Intent on October 14, 2013 as she claims, unless there was a stipulation by the parties, the limitations period was tolled for a maximum of 90 days, after which she had 60 days to file suit. *See* Fla. Stat. § 766.106(4). There being no evidence of any stipulation extending the tolling period, the repose period thus expired at the very latest in March 2014. As this action was brought in June 2014, the claims asserted

---

damages to the plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort." *Woodward v. Olson*, 107 So. 3d 540, 543-44 (Fla. 2nd DCA 2013) (quotation marks and citations omitted; emphasis in original).

5

against Dr. Small and MIC are therefore time-barred even if the Notice of Intent letter had been served in October 2013 as alleged by Byrnes.[3]

Byrnes finally argues that summary judgment is inappropriate at this time because there has been a complete lack of opportunity for discovery. Doc. 20 at 4-6. According to Byrnes, discovery would help her learn "of when [she] became aware of the underlying injury, of when the actionable negligence giving rise to the cause of action occurred, of when ongoing treatment ended, and of what fraud contributed to concealing the action." Doc. 20 at 9. The Court agrees that summary judgment should be denied or deferred where the nonmoving party has not had the opportunity to discover information that is essential to its opposition. In fact, Rule 56(d), Fed. R. Civ. P., provides such a procedure when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." However, no such showing has been made here.

As Byrnes acknowledges, summary judgment may issue upon a record that is "adequate." *See Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988). Here, the record, as established by the allegations in the Complaint, Plaintiffs' admissions, and the undisputed documentary evidence, is adequate for determining that the claims asserted against Dr. Small and MIC are time-barred as a matter of law. Indeed, no amount of discovery could change the undisputed facts that Byrnes' Causes of Action against Dr. Small and MIC are premised only upon the October 2006 surgery and not any subsequent treatments and/or examinations; that this action was not brought within seven years of the surgery; that Byrnes did not serve the Notice of Intent within seven years of the surgery; and that, even if Byrnes had timely served the Notice of

---

[3] The Court makes no finding as to whether Byrnes has adequately alleged the existence of any fraudulent acts by Dr. Small or MIC that prevented her from timely discovering her injuries, because even assuming *arguendo* that she has, her claims are still barred by the statue of repose.

Intent, she did not bring her action within the maximum tolling period provided by Fla. Stat. § 766.106(4). In short, summary judgment is appropriate at this stage because additional discovery would not produce a genuine issue of material fact. *Accord Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming the district court's grant of a stay of discovery pending resolution of a motion to dismiss or for summary judgment because "further discovery was not likely to produce a genuine issue of material fact.").

The undisputed facts reveal that no genuine issues of material fact exist and the Medical Defendants are entitled to judgment as a matter of law as to the medical malpractice Causes of Action asserted against them. Accordingly, the Court will grant the Medical Defendants' Motion for Summary Judgment and dismiss the Seventh and Eighth Causes of Action in their entirety. Further, because a loss of consortium claim is derivative, *see Testa v. Southern Escrow and Title LLC*, 36 So. 3d 713, 715 (Fla. 1st DCA 2010), the Ninth Cause of Action must also be dismissed to the extent that it is asserted against Dr. Small and MIC.

**B.      Motion to Strike**

The Medical Defendants seek to strike several documents submitted by Byrnes in support of her opposition to their motion for summary judgment. Doc. 28. Specifically, these documents are: (1) a letter dated March 25, 2014 from the Medical Defendants to Byrnes in response to her Notice of Intent (Doc. 20-1); (2) Dr. Small's Curriculum Vitae (Doc. 20-2); and (3) a letter dated April 29, 2010 from Senator Chuck Grassley to Medtronic seeking information regarding clinical trials performed for Medtronic by certain physicians, including Dr. Small (Doc. 23-1). The Medical Defendants argue that these documents should be stricken because Byrnes has failed to properly authenticate them and they are otherwise inadmissible or irrelevant. The Court did not consider these documents in reaching its decision on the Medical Defendants' Motion for

Summary Judgment. Even if these documents had been considered in ruling on the motion, however, the result would have been the same. Accordingly, the Court will deny as moot the Medical Defendants' Motion to Strike.

## IV.     CONCLUSION

There is no genuine issue of material fact that the Causes of Action asserted against the Medical Defendants are time-barred. The record is adequate and additional discovery would not be helpful for making this determination. Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Medical Defendants' Motion for Summary Judgment (Doc. 4) is **GRANTED**. The Seventh and Eighth Causes of Action are hereby **DISMISSED**, and the Ninth Cause of Action is **DISMISSED** to the extent that it is asserted against Dr. Small and MIC.

2. The Medical Defendants' Motion to Strike (Doc. 28) is **DENIED** as moot.

3. A Final Judgment in favor of John Small, M.D., and Musculoskeletal Institute Chartered will be entered at the conclusion of this litigation.

**DONE AND ORDERED** in Tampa, Florida on November 20, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any